# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-19-372-F |
| ) | |
| MARIO JAQUES, ) | |
| a/k/a Menace Deuce, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court is the Motion to Suppress Evidence Obtained from GPS Tracking Device filed by defendant, Mario Jaques. Doc. no. 420. Plaintiff, United States of America, opposes the motion. Doc. no. 446. Having reviewed the parties' submissions and considered the parties' oral arguments, the court finds that defendant's motion should be denied.

### I.

Law enforcement placed a Global-Positioning-System (GPS) tracking device on defendant's vehicle, a 2018 Ford Expedition, for a period of 45 days, beginning in November 2018. United States Magistrate Judge Gary Purcell issued a tracking warrant authorizing utilization of the device. As part of discovery, plaintiff produced "some 14 spreadsheets detailing [defendant's] whereabouts" tracked by the device. Doc. no. 420, p. 1. Defendant seeks to suppress the evidence, arguing that probable cause did not exist to place the device on the vehicle because the warrant "was supported by nothing more than suspicion and hunch." *Id*.

Plaintiff responds that defendant fails to overcome the presumptions that the search, pursuant to the warrant, was lawful and that law enforcement, relying upon the warrant, was acting in good faith.  Specifically, plaintiff asserts that defendant's unsupported "suspicion and hunch" assertion is not sufficient to establish that the search was unlawful or that the good faith exclusionary rule does not apply. Addressing the merits, plaintiff contends that probable cause did exist to support the warrant because the affidavit in support of the warrant specifically recounted that the vehicle had recently been used by defendant to deliver an ounce of methamphetamine to a cooperating source working on behalf of law enforcement.

II.

"'An affidavit establishes probable cause for a search warrant if the totality of the information it contains establishes the fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Barajas, 710 F.3d 1102, 1108 (10th Cir. 2013) (quoting United States v. Roach, 582 F.3d 1192, 1200 (10th Cir. 2009)).  The affidavit must create a "'nexus between . . . suspected criminal activity and the place to be searched[;]' a court may not 'pil[e] hunch upon hunch.'"  Id.  "'Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his actions cannot be a mere ratification of the bare conclusions of others.'"  Barajas, 710 F.3d at 1108 (quoting United States v. Cooper, 654 F.3d 1104, 1124 (10th Cir. 2011), quoting Illinois v. Gates, 462 U.S. 213, 293 (1983)).

Upon review, the court concludes that the affidavit in support of the tracking warrant established a nexus between defendant's vehicle and suspected criminal activity—distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1). Defendant used the vehicle in late October 2018 to deliver one ounce of methamphetamine to a confidential informant of law enforcement.  The controlled purchase had been arranged by Zachary Crister, an active member of the Southside

Loco Gang.  (At the time, law enforcement was investigating drug-trafficking activities of the gang.)  Mr. Crister, who was incarcerated, directed the confidential informant to meet defendant, a fellow gang member, at a public location on the south side of Oklahoma City.  The controlled purchase between defendant and the confidential informant was personally observed by law enforcement.

Law enforcement saw defendant driving the vehicle as of October 31, 2018, two days before the warrant was obtained, and the vehicle had been frequently seen by law enforcement at 2759 W. I-240 Interstate Dr., Building 47, Apt. D, Oklahoma City, Oklahoma.

During oral argument, defendant posited that the warrant authorizing the GPS tracking device was not supported by probable cause because the affidavit recounted that law enforcement had observed or seen the vehicle at defendant's "residence." Defendant asserted and provided witness testimony, through his common-law wife and mother-in-law, that he does not, and never has, resided at that address. According to defendant, the affidavit does not correctly identify defendant because it said he resided at an address where he did not reside.

The court rejects defendant's argument.  Even if defendant did not reside at the location, there is nothing in the record to challenge the averment that the vehicle was frequently seen at that location.  There is also nothing in the record to challenge that the vehicle was not used to deliver methamphetamine to the confidential informant.  The court concludes that the affidavit, even without reference to the I-240 Interstate Drive location as defendant's "residence," sufficiently establishes probable cause to believe that evidence of drug-trafficking could be obtained by utilization of the GPS tracking device on the vehicle.[1]

---

[1] Even if the court were to find probable cause lacking, the court concludes that defendant "has not overcome the presumption that law enforcement [] acted in objective good faith when executing" the tracking warrant.  U.S. v. Henderson, 595 F.3d 1198, 1202 (10th Cir. 2010).

3

III.

Accordingly, the Motion to Suppress Evidence Obtained from GPS Tracking Device filed by defendant, Mario Jaques (doc. no. 420), is **DENIED**.

IT IS SO ORDERED this 11th day of December, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0372p054 (Jaques).docx