# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-19-372-F |
| | ) | |
| MARIO JAQUES, | ) | |
| a/k/a Menace Deuce, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is the Motion for Severance filed by defendant, Mario Jaques. Doc. no. 419. Plaintiff, United States of America, opposes the motion. Doc. no. 445. Having reviewed the parties' submissions, the court finds that defendant's motion should be denied.

### I.

The federal grand jury returned an 81-count indictment against defendant and 23 other individuals. Defendant is charged in three counts of the indictment. Specifically, he is charged with a drug conspiracy in violation of 21 U.S.C. § 846 (Count 1), distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count 2), and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) (Count 47).

Defendant requests the court, pursuant to Rule 14, Fed. R. Crim. P., to sever his trial from the other defendants in this case. He contends that he would be prejudiced by a joint trial with his co-defendants. According to defendant, the "overwhelming majority of the evidence" relates to alleged criminal activities of his

co-defendants in which he had no participation.  Doc. no. 419, p. 2.  Defendant asserts that even by the government's own theory of the case, he is a less culpable than his co-defendants, and maintains that if he is tried with them, there is a real danger that evidence of their alleged criminal acts will be wrongly attributed to him, thereby improperly strengthening the government's case against him.  Defendant contends that the jury will not be able to give him individualized consideration.  A limiting instruction, defendant argues, will not cure the unfair prejudice stemming from the evidence against his co-defendants, which has little or nothing to do with him.

In addition, defendant contends that there is a high likelihood that the government will introduce evidence of co-conspirator statements or hearsay which does not relate to him and cannot be confronted or cross-examined, resulting in a denial of his Sixth Amendment rights.

Plaintiff responds that Rule 8(b), Fed. R. Crim. P., permits the government to charge two or more defendants in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Doc. no. 445, p. 2 (quoting Rule 8(b)).  It points out that defendant has been charged, along with his co-defendants, with a drug conspiracy in violation of 21 U.S.C. § 846.  And plaintiff points out that under Tenth Circuit authority, a presumption exists that co-conspirators should be tried together.  In addition, plaintiff asserts that a vast majority of the co-defendants have already pleaded guilty, and it unclear how many defendants will remain for trial.  Further, plaintiff asserts that a quantitative disparity in the evidence of guilt of the co-defendants does not warrant severance.  Lastly, plaintiff argues that any co-conspirator statements that it intends to introduce into evidence are not hearsay because they were made during and in furtherance of the conspiracy and those statements do not implicate the Confrontation Clause of the Sixth Amendment.

II.

"Multiple defendants may be tried together 'if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.'" United States v. Zapata, 546 F.3d 1179, 1191 (10th Cir. 2008) (Rule 8(b)). "Joint trials of defendants who are charged together are preferred because they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id*. (quotation omitted). In addition, there is a presumption "in a conspiracy trial that coconspirators charged together should be tried together." United States v. Wardell, 591 F.3d 1279, 1299 (10th Cir. 2009).

However, "[if] . . . a joint trial 'appears to prejudice a defendant, . . . the court *may* order separate trials of counts [or] sever the defendants' trial.'" Zapata, 546 F.3d at 1191 (quoting Rule 14(a)) (emphasis in original). "Inasmuch as severance is a matter of discretion and not of right, the defendant must bear the heavy burden of showing real prejudice to his case." United States v. Peterson, 611 F.2d 1313, 1331 (10th Cir. 1979). "Prejudice occurs when there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Pursley, 577 F.3d 1204, 1215 (10th Cir. 2009) (quotation and citation omitted).

Upon review, the court finds that defendant has not carried his heavy burden of showing real prejudice. Defendant contends that he will be prejudiced by the disparity between the incriminating evidence against him and against the other 23 co-defendants. As an initial matter, the court notes that 12 co-defendants have entered pleas of guilty and 1 co-defendant has been dismissed. Hence, there is far less incriminating evidence to be offered by the government at trial which does not pertain to defendant. Additionally, the court concludes that simply alleging that the evidence against his co-defendants is more damaging than the evidence against him

is not enough to warrant severance. Tenth Circuit precedent is clear that "[n]either a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that [is] overwhelming or more damaging against the co-defendant than against the moving party is sufficient to warrant severance." United States v. Hack, 782 F.2d 862, 870 (10th Cir. 1986) (citations omitted). Further, the Supreme Court has observed that, in the context of joint trials, "limiting instructions [] often will suffice to cure any risk of prejudice." Zafiro v. United States, 506 U.S. 534, 539 (1993). As stated by the Court, "juries are presumed to follow their instructions." Id. at 540 (quotation omitted). Despite defendant's arguments to the contrary, the court is satisfied that instructions given to the jury during and at the end of trial will cure any risk of prejudice to defendant from a joint trial. The court is also satisfied, contrary to defendant's arguments, that the jury will be able to compartmentalize the evidence against him from his co-defendants and give him individualized consideration with respect to the counts charged against him. Thus, the court concludes that defendant's allegation of disparity of incriminating evidence between him and the other defendants does not support severance of his trial. Indeed, if there is a disparity, that disparity may work to defendant's benefit in the eyes of the jury.

Defendant also points to the possible admission of co-conspirator statements as a basis for severance. It appears that plaintiff will seek to only introduce statements made by co-defendants. However, plaintiff has represented that the statements it intends to introduce are ones made during and in furtherance of the conspiracy. For purposes of defendant's motion, the court accepts plaintiff's representations as to the statements as true.[1] Such statements would fall within the

---

[1] This issue may be revisited, if appropriate, on the basis of the proceedings at the upcoming James hearing. See, doc. no. 460.

co-conspirator exception to the hearsay rule, Rule 801(d)(2)(E), Fed. R. Civ. P., and do not implicate the Confrontation Clause of the Sixth Amendment.  United States v. Clark, 717 F.3d 790, 815-817 (10th Cir. 2013).  Thus, the government's use of statements by co-defendants do not support severance of defendant's trial from his co-defendants.

III.

Accordingly, the Motion for Severance, filed by defendant, Mario Jaques (doc. no. 419), is **DENIED**.

IT IS SO ORDERED this 11th day of December, 2020.


STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


19-0372p068 (Jaques).docx